**Ameur MAMMAR, Petitioner,**

v.

**George W. BUSH, et al., Respondents.**

**No. CIV.A.05–573(RJL).**

United States District Court, District of Columbia.

May 2, 2005.

these arguments equally unavailing and will not address them specifically.

William C. Brennan, Brennan, Trainor, Billman & Bennett, LLP, Upper Marlboro, MD, for Petitioner.

Terry Marcus Henry, Preeya M. Noronha, U.S. Department of Justice, Washington, DC, for Respondents.

## MEMORANDUM OPINION

LEON, District Judge.

Presently before the Court is petitioner Ameur Mammar's Motion for Preliminary Injunction seeking an Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, that would prohibit the respondents from transferring the petitioner from the United States Naval Base at Guantanamo Bay, Cuba without first providing the Court and counsel with thirty days' advance notice of such intended transfer. Pet.'s Mot. at 1. Upon due consideration of the parties' submissions and the entire record herein, the Court DENIES petitioner's motion for the following reasons.

In determining whether to grant a motion for a preliminary injunction, the Court must consider the following four factors: (1) whether the petitioner has demonstrated that there is a substantial likelihood that he will prevail on the merits of his claims; (2) whether the petitioner has shown that he would be irreparably harmed if injunctive relief is not awarded; (3) whether the issuance of injunctive relief would not "substantially harm" the other parties; and (4) whether awarding the relief is in the public interest. *Cobell v. Norton,* 391 F.3d 251, 258 (D.C.Cir.2004). The petitioner in this case has failed to meet his burden.

The petitioner's argument that an injunction should issue is premised upon mere conjecture concerning his fate, and the fate of all detainees held at Guantanamo Bay. The petitioner, for example, asserts that "the United States has secretly removed detainees and others suspected of terrorist crimes to other countries for interrogation or detention without complying with extradition or other legal process." Pet.'s Mot. at 2. And, with respect to his particular situation, petitioner asserts that "he has reason to fear he will be transferred to a country where he will be tortured and/or detained indefinitely without due process of law." *Id.*

Despite these bare assertions, however, he has submitted no evidence or persuasive legal authority, and his arguments for "success on the merits" and "irreparable harm" fall well short of anything that would justify the issuance of a preliminary injunction. Indeed, he relies almost exclusively upon "reports by American and foreign news organizations" and "information and belief" to support his claim that the United States government has and will transfer "detainees into the custody of foreign governments that employ inhumane interrogation techniques." *Id.* at 2–5. Thus, based upon the record presented, the factors required for the issuance of a preliminary injunction, *see Cobell,* 391 F.3d at 258, and after due consideration of the reasoning of two other Judges on this Court who have also handled this very issue,[1] this Court concludes that the peti-

---

**1.** Judges Bates and Walton recently denied similar motions for injunctive relief. *See Al–*   *Anazi, et al. v. Bush, et al.,* 370 F.Supp.2d 188

tioner's motion must be DENIED. An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.

### ORDER

Upon due consideration of petitioner's Motion for Preliminary Injunction, the parties' submissions, and the entire record herein, and for the reasons explained in the Memorandum Opinion issued on this date, it is, this 2nd day of May, 2005, hereby

**ORDERED** that the petitioner's Motion for Preliminary Injunction [# 4] is **DENIED**.

**SO ORDERED.**

(D.D.C.2005) (JDB); *Almurbati, et al. v. Bush, et al.*, 366 F.Supp.2d 72 (D.D.C.2005) (RBW).